**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 03 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50252 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-02550-DMS-4 |
| v. | |
| CECILIO CAICEDO-CUERO, | MEMORANDUM[*] |
| Defendant - Appellant. | |
| UNITED STATES OF AMERICA, | No. 13-50264 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-02550-DMS-3 |
| v. | |
| JUAN CAICEDO-RENGIFO, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted November 18, 2014
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: W. FLETCHER and BYBEE, Circuit Judges, and SETTLE, District Judge.[**]

Appellants Cecilio Caicedo-Cuero and Juan Caicedo-Rengifo appeal their convictions under the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. § 70503. Appellants argue that the district court erred when it determined that there was a sufficient nexus to support constitutional jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review *de novo* a district court's determination of constitutional jurisdiction under the MDLEA. *United States v. Perlaza*, 439 F.3d 1149, 1160 n.13 (9th Cir. 2006). We review the district court's findings of fact for clear error. *United States v. Khan*, 35 F.3d 426, 430 (9th Cir. 1994).

The parties disagree over which standard of review should apply to the district court's finding that the cocaine was destined for the United States. Under any standard of review, the district court correctly found that the cocaine was destined for the United States. The district court properly relied on the testimony of the Government's expert witness, Agent Michael Wasser. That testimony established by a preponderance of the evidence that the cocaine was intended for distribution in the United States.

---

[**] The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

The district court's finding that the cocaine was destined for the United States "provides a sufficient nexus between the defendants' activities and the United States to satisfy the nexus requirement." *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1259 (9th Cir. 1998). Thus, the district court correctly concluded that there was constitutional jurisdiction in this case.

**AFFIRMED.**